WILLIAM A. BERRY *v.* STATE OF INDIANA.

[No. 977S640. Filed May 30, 1978.]

*Harriette Bailey Conn* [*Mrs.*], Public Defender of Indiana, for appellant.

*Theodore L. Sendak,* Attorney General, for appellee.

GIVAN, C.J.—Appellant was convicted of second degree murder and sentenced to 15 to 25 years imprisonment. The evidence most favorable to the State indicates that on August 30, 1976, appellant entered a candy store in Gary. The decedent, Frank Mathis, then entered and began shouting at the appellant. As the two started to argue the store owner, Stan Hess, ordered them to leave. Mathis left and ran across the street. As appellant was leaving the store Mathis returned and met him at the door. Hess followed them outside and again ordered them to leave as he did not want any trouble in front of his store. Hess was standing between them and attempting to keep them separated. Mathis asked appellant where his money was. Appellant did not reply. Mathis again asked. At that time appellant pulled a gun and ordered Mathis against the building. Appellant then fired three or four shots and fled. Mathis died as a result of the wounds sustained.

Appellant contends he acted in self-defense. To prevail on a claim of self-defense appellant must have been in a place where he had a right to be, acted without fault and, in good faith, believed himself to be in real danger of death or great bodily harm. *White* v. *State,* (1976) 265 Ind. 32, 349 N.E.2d 156. The State is required to prove the absence of one of these elements of self-defense and this burden may be satisfied by reliance upon its evidence in chief. *Nelson* v. *State,* (1972) 259 Ind. 339, 287 N.E.2d 336. Although Mathis was the instigator of the altercation, there is evidence in this record from which the jury could logically find that Mathis only shouted at the appellant and that it was appellant who pulled a gun and ordered Mathis against a building, then, without further provocation, shot Mathis. On the other hand, there is evidence from which appellant argues the jury should have found that he was acting in self-defense. Hess testified that Mathis had told appellant he was, "going to bust his head." Appellant himself testified that he thought Mathis was pulling a gun from his pocket at the time. How-

ever the State produced evidence showing that Mathis had no gun. He did have a knife in his clothing but it was found inside his pants leg. The jury could have concluded from this that the knife was not available to Mathis to be drawn. It was within the province of the jury to resolve any conflicting evidence. *White* v. *State, supra.* We hold there was sufficient evidence from which the jury could reasonably reject appellant's claim of self-defense.

Appellant next contends the State failed to prove he maliciously killed the decedent. Malice may be inferred from the circumstances in evidence, the use of a deadly weapon and the act of killing a human being. *Chatman* v. *State*, (1975) 263 Ind. 531, 334 N.E.2d 673. It is true this inference may be rebutted and counter-balanced by "unrefuted evidence that would reasonably support a finding that the use of the weapon was accidental or provided by anger, fear or other unreasoning or overmastering state of mind." *Shutt* v. *State*, (1977) 267 Ind. 110, 367 N.E.2d 1376, 1386. However, in the case at bar there is ample evidence to support a finding by the jury that the appellant had become the aggressor at the time he pulled a gun and that his shooting of the appellant was a malicious act. This Court will not invade the province of the jury in view of the evidence presented.

The judgment of the trial court is in all things affirmed.

DeBruler, Hunter, Pivarnik and Prentice, JJ., concur.

NOTE.—Reported at 376 N.E.2d 808.