Jacob C. BROWN, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 1-980A262.

Court of Appeals of Indiana,
First District.

June 2, 1981.

Thomas A. Whitsitt, Iddings, Whitsitt & McClure, Lebanon, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Petitioner-appellant Brown is appealing the denial of his petition for post conviction relief pursuant to Post-Conviction Rule 1. None of the three issues raised present reversible error.

The facts giving rise to this appeal show that Brown and David Mull went to the Pop-a-Top Tavern in Pekin, Indiana. Earlier Brown had been involved in an altercation with the bartender of that establishment and had been barred therefrom. As a result, Mull entered the tavern to get something to go while Brown remained in the car in the parking lot. Mull returned empty handed, got in the car, and Brown proceeded to leave. When the car stopped prior to entering the highway a shot was fired from the tavern. Brown and Mull got out of the car and returned the fire with shotguns which had been in the back seat. David Roberts was hit in the face with a shotgun blast and Brown admitted shooting someone in the leg. Brown entered a plea of guilty to battery. *Ind.Code* 35–42–2–1(3) and was sentenced to six years.

■ Brown first asserts the trial court erred in accepting his plea of guilty in light of his repeated assertions of self-defense. Brown's claim of self-defense is strained and the trial court did not err in treating it as it did. Brown was where he was not supposed to be, had a chance to withdraw and refused, and gave no indication of being in fear of death or great bodily harm. *See, Berry v. State*, (1978) 268 Ind. 432, 376 N.E.2d 808. The record does show that Brown understood, admitted, and related the elements, material facts, and details of the crime. This is sufficient to establish a factual basis for the plea. *Lloyd v. State*, (1979) Ind., 383 N.E.2d 1048. Additionally, Brown could be held responsible for the acts of his accomplice. *Proctor v. State*, (1979) Ind., 397 N.E.2d 980.

■ Brown's next issue alleges that he did not receive a fair hearing because the trial court threatened his counsel with contempt if he objected during the Court's questioning of a witness and because the trial court interpreted the petition for post-conviction relief as an attack on the trial judge's integrity.

Brown's attorney, at the time of the plea, was called as a witness during the post-conviction relief hearing. After being questioned by the State the following dialogue took place:

HONORABLE JAMES R. ARTHUR, SPECIAL JUDGE, INTERJECTS:

Q. Mr. Moyer do I understand that you're saying to this Court that you represented to this Court orally before this plea of guilty was accepted that you didn't think there was any factual basis for it?

WITNESS, WILLIAM C. MOYER, INTERJECTS:

That's correct your Honor.

Q. Do I understand you as an officer of this Court you signed a Plea Bargain Agreement and represented to this Court that this man should plead guilty knowing full well that he was not guilty, is that what you're telling me sir?

A. I guess it is your Honor.

Q. Are you aware of the duties that you have as an officer of this Court Mr. Moyer?

A. Your Honor I tried to discharge those duties and take care of any of those problems by indicating to the Court off the record that I felt that there was difficulty with it, asking, in terms hoping to get the Court's guidance as to what the situation would lead to. It was at that point that I acted on your reliance that there was not a problem.

Q. Mr. Moyer you're avoiding that I'm asking you. I'm asking you did you as an officer of this Court deliberately mislead this Court by signing here what's called a Plea Bargain Agreement in which you recommended to this Court that a Plea Bargain be accepted knowing full well that there was no basis for it?

A. I did not deliberately mislead this Court of anything.

Q. You don't think that's misleading a Court to sign this Plea Document recommending that the Court accept it and which it will recite that he is guilty of it?

A. The point is your Honor as I had tried to bring that problem to the Court's attention before the sentencing Hearing began when you indicated you did not feel there was a problem then I was satisfied there was no problem.

Q. What did you think I meant when I said I didn't think there was a problem?

A. As I recall your statement it was something to the effect that I don't believe there's a problem I've been through this before. I· assumed that you meant uh—

Q. And what did that mean to you Mr. Moyer?

A. To me it meant that you had been in the situation where you had a defendant plead guilty to battery when there were two people shot and he was not going to admit to shooting that individual and that there was not a legal problem with it.

Q. Are you telling this Court now that you think this Court would deliberately sit here and accept a plea of guilty from a man that it thought was not guilty, is that what you're telling me?

A. No your Honor.

MR. THOMAS A. WHITSITT, ATTORNEY FOR THE PETITIONER INTERJECTS:

Your Honor—

HONORABLE JAMES R. ARTHUR, SPECIAL JUDGE, INTERJECTS:

Mr. Whitsitt you'll keep out of this that's my witness and I'll ask him whatever I want to.

MR. THOMAS A. WHITSITT, ATTORNEY FOR THE PETITIONER INTERJECTS:

Well I would interpose an objection to the question you Honor.

HONORABLE JAMES R. ARTHUR, SPECIAL JUDGE, INTERJECTS:

No you won't, not until I finish then you can put in whatever objection to the record that you want.

MR. THOMAS A WHITSITT, ATTORNEY FOR THE PETITIONER, INTERJECTS:

Well your Honor with all due respect—

HONORABLE JAMES R. ARTHUR, SPECIAL JUDGE, INTERJECTS:

Mr. Whitsitt did you hear me?

MR. THOMAS A. WHITSITT, ATTORNEY FOR THE PETITIONER INTERJECTS:

Yes your Honor I heard you.

HONORABLE JAMES R. ARTHUR, SPECIAL JUDGE, INTERJECTS:

You open your mouth one more time until I finish questioning this witness and you'll be in contempt sir, make no mistake about it. I think I have a right to question this witness about what his intentions were on the day that this happened. You have cast an aspersion as to the honesty of this Court and I don't take that very lightly Mr. Whitsitt.

MR. THOMAS A. WHITSITT, ATTORNEY FOR THE PETITIONER, INTERJECTS:

May I respond to that your Honor.

HONORABLE JAMES R. ARTHUR, SPECIAL JUDGE, INTERJECTS:

You can respond to that one sir.

MR. THOMAS A WHITSITT, ATTORNEY FOR THE PETITIONER, INTERJECTS:

Fine. The reason that I feel like I have an obligation your Honor to object to the question is in representation of my client and I called this witness to testify and I feel that if the question calls for matters which are conclusions or state of mind of this witness which aren't relevant I feel that I have some obligation to interpose an objection for the record."

Very shortly thereafter, the transcript continues:

HONORABLE JAMES R. ARTHUR, SPECIAL JUDGE INTERJECTS:

Q. Now wait a minute, not of the original charge but of the charge which he was going to plead guilty to. Now where in any of those hearings were any facts ever

presented to this Court that would indicate to this Court that he could not be guilty of that?

WITNESS, WILLIAM C. MOYER, INTERJECTS:

A. That I'm not sure of how much we went into but—

HONORABLE JAMES R. ARTHUR, SPECIAL JUDGE, INTERJECTS:

Q. Well, then, don't sit there and make statements that the Court was accepting a plea of guilty without accepting any facts for it Mr. Moyer.

WITNESS, WILLIAM C. MOYER, INTERJECTS:

A. Well I apologize your Honor I'm just, I'm not sure how much fact I put before you when I told you that I thought we had a problem.

HONORABLE JAMES R. ARTHUR, SPECIAL JUDGE, INTERJECTS:

Q. As a matter of fact just to be—did you put any facts before me Mr. Moyer?

WITNESS WILLIAM C. MOYER, INTERJECTS:

A. I'd say there was a possibility that I did.

HONORABLE JAMES R. ARTHUR, SPECIAL JUDGE, INTERJECTS:

Q. You don't say that you did, uh, you just say that there is a possibility that you did?

WITNESS, WILLIAM C. MOYER, INTERJECTS:

A. Yes sir I do.

HONORABLE JAMES R. ARTHUR, SPECIAL JUDGE, INTERJECTS:

Q. That sort of reminds me of Sixty Minutes on television; there's a possibility that somebody might have done something wrong Mr. Moyer. This is not a Court of possibilities I want you to tell me what I said to you which indicated that I knew some facts that you had stated to me which would indicate that this man was not guilty. I want to hear just what it was that you said sir?

WITNESS, WILLIAM C. MOYER, INTERJECTS:

A. It was something to the effect that I have been through this situation, this kind of situation before and I don't think that there is a problem.

HONORABLE JAMES R. ARTHUR, SPECIAL JUDGE, INTERJECTS:

Q. But prior to that statement, sir, what facts did you tell me?

WITNESS WILLIAM C. MOYER, INTERJECTS:

A. Well I must have given you some for you to say that I've been through this situation before, uh, I can't imagine your Honor saying—

HONORABLE JAMES R. ARTHUR, SPECIAL JUDGE INTERJECTS:

Q. But you don't remember that?

WITNESS, WILLIAM C. MOYER, INTERJECTS:

A. No sir I don't.

HONORABLE JAMES R. ARTHUR, SPECIAL JUDGE, INTERJECTS:

Q. You don't have any idea what it was you told me?

WITNESS, WILLIAM C. MOYER, INTERJECTS:

A. No sir I don't.

HONORABLE JAMES R. ARTHUR, SPECIAL JUDGE, INTERJECTS:

Q. The only thing is you do remember me saying we've been through this before, I mean, they all took place within a matter of seconds didn't they Mr. Moyer?

WITNESS, WILLIAM C. MOYER, INTERJECTS:

A. They did and it's the same with the Prosecutor he's aware of the facts.

HONORABLE JAMES R. ARTHUR, SPECIAL JUDGE, INTERJECTS:

Q. What you're saying is that you can remember one statement but you can't remember the other?

WITNESS, WILLIAM C. MOYER, INTERJECTS:

A. That's in essence correct.

HONORABLE JAMES R. ARTHUR, SPECIAL JUDGE, INTERJECTS:

Well that's good, that's fine, you may proceed. Do you have any other questions of this witness?

We have little doubt that the foregoing exchanges are of the sort to be discouraged as indicated in *Dixon v. State*, (1972) 154 Ind.App. 603, 290 N.E.2d 731. However, in view of our holding that there was a factual basis for Brown's plea of guilty, coupled with the fact that the record indicates that both the witness and Brown's counsel at the P.C.R. hearing eventually had the opportunity to speak, we do not feel that the harm complained of changed the ultimate ruling of the trial court.

The third issue, that of a failure of the trial court to make findings of fact and conclusions of law has been corrected by a prior remand, 418 N.E.2d 577, and subsequent filing of conclusions and findings by the trial court in this cause.

Judgment affirmed.

NEAL, P. J., and RATLIFF, J., concur.