William **BERRY**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 784S277.

Supreme Court of Indiana.

Oct. 22, 1985.

Susan K. Carpenter, Public Defender, Rick Ranucci, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant William Berry was convicted of second degree murder at the conclusion of a jury trial before the Lake County Superior Court on March 2, 1977. The Honorable James L. Clement sentenced Appellant to an indeterminate sentence of fifteen to twenty-five years imprisonment. This Court affirmed the conviction on direct appeal. *Berry v. State*, (1978) 268 Ind. 432, 376 N.E.2d 808. Appellant subsequently filed a petition for post-conviction relief pursuant to Ind.R.App.P. 4(A)(7) and Ind.R.P.C. 1, § 7. The trial court denied Appellant's petition and he now directly appeals.

Appellant's arguments raise four issues for consideration:

1. whether trial counsel was ineffective due to his waiving opening statement and whether the trial court abused its discretion by denying Appellant the opportunity to make an opening statement at the close of the State's case in chief;

2. whether Appellant's conviction was supported by sufficient evidence;

3. whether the Record of Proceedings on direct appeal was so incomplete as to deny Appellant meaningful post-conviction relief; and

4. whether the post-conviction court erred in not issuing Findings of Fact and Conclusions of Law on all allegations raised in Appellant's petition.

We note first that in a proceeding for post-conviction relief the petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence. Ind.R.P.C. 1, § 5. A court reviewing a determination of a post-conviction hearing will not set aside the trial court's ruling on the post-conviction petition unless the evidence is without conflict and leads solely to a result different from that reached by the trial court. *McHugh v. State*, (1984) Ind., 471 N.E.2d 293, 294–295.

I

Appellant's first allegation of error is that trial counsel was ineffective due to his waiving opening statement, and that the trial court abused its discretion and denied Appellant due process by refusing him the opportunity to make an opening statement at the close of the State's case in chief.

At trial Appellant proceeded on a theory of self defense. His trial counsel intended to use opening statement to frame the self defense issue, tying the issue to *voir dire.* Relying on local custom, counsel requested to reserve opening statement until after the State's case in chief. The State objected, citing the controlling statute, Ind. Code § 35–1–35–1 (Burns 1979) [Acts 1905, ch. 169, § 260, p. 584; 1909, ch. 96, § 1, p. 257; 1927, ch. 132, § 14, p. 411 (repealed 1981)], and the court reserved judgment. At the close of the State's case in chief the trial court announced it would permit Appellant's opening statement. The State objected once again, citing case authority in addition to the controlling statute. The court reversed its ruling.

Appellant maintains his counsel used unreasonable professional judgment resulting in prejudice to him. Appellant cites *Smith v. State*, (1972) 272 Ind. 216, 396 N.E.2d 898 for the proposition that where trial counsel is incapable of carrying out his strategy on a fundamental point because of ignorance of the law, that attorney has been ineffective in his assistance of the defendant.

*Smith* does not control here. In *Smith*, the defendant was compelled to stand trial in his jail clothes because a deputy refused to accept defendant's street clothes when delivered. Trial counsel for the defendant failed to object to his client being compelled to so testify, and later explained his omission as the result of ignorance of the controlling statute. Unlike the trial counsel in *Smith*, counsel here was aware of the state of the law. He testified at the post-conviction hearing that he was aware of the statute and that he thought the case authority was distinguishable and inapplicable. Counsel's actions were motivated by a desire to have the strategic advantage of having heard the State's evidence. He could then tailor his opening statement to present his theory of self defense in the

best possible light, keeping in mind the jury *voir dire*. Counsel pursued a strategy he personally knew to be fashioned by local custom.

 The guidelines for determining competency of counsel require deciding (1) whether counsel's performance was so deficient that he was not functioning as counsel as guaranteed by the Constitution, and, if so, (2) whether this failure to function as counsel was prejudicial, that is, counsel's errors were so serious as to deprive the defendant of a fair trial. A fair trial will be deemed to have been denied when the conviction or sentence resulted from a breakdown in the adversarial process that rendered the result unreliable. *Strickland v. Washington*, (1984) 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692, 693, *reh. denied*, — U.S. —, 104 S.Ct. 3562, 82 L.Ed.2d 864; *Bieghler v. State*, (1985) Ind., 481 N.E.2d 78, 96; *Elliott v. State*, (1984) Ind., 465 N.E.2d 707, 710. In *Seaton v. State*, (1985) Ind., 478 N.E.2d 51, 54, *reh. denied* (1985) we held this Court will presume counsel was competent and will require convincing evidence to rebut that presumption We will not second guess counsel's choice of strategy, and as long as it appears counsel exercised professional judgment, we will not reverse due to choice of strategy, even where the defendant may disagree with that choice or where one could retrospectively speculate as to the wisdom of the choice. *Id.* Neither bad practice nor isolated poor strategy amount to ineffective counsel. *Metcalf v. State*, (1983) Ind., 451 N.E.2d 321, 323.

██ Counsel's decision in the present case was a conscious choice between two seemingly *bona fide* strategies, and does not rise to the level of ineffective counsel. Not only did local custom sanction the use of opening statement at the close of the State's case in chief, but trial counsel had been allowed to do so in the past.

 Furthermore, Appellant has shown no prejudice to his case. He must show that counsel's errors were so serious as to deprive him of a fair trial. This he has not done. The only prejudice alleged is that the jury had no framework by which to consider any evidence presented in support of Appellant's theory of self defense. Although counsel did not achieve this by way of opening statement, there are numerous instances in the record where counsel presented the jury with such information.

Appellant also alleges the trial court abused its discretion and denied him due process when it refused him the opportunity to make an opening statement. The key point here which Appellant fails to recognize is that the trial court only refused him the opportunity to make an opening statement *at the close of the State's case in chief*. The trial court only reserved judgment when Appellant should normally have made his opening statement.

Appellant's inability to make an opening statement here was less the product of the court's decision and more the product of defense strategy. The trial court's refusal to allow the opening statement at the end of the State's case in chief was pursuant to statute and case law. Counsel could still have made his opening statement following the State's.

 We have held previously that where a defendant has the opportunity to make his opening statement after the prosecution's but chooses not to, he waives the opportunity. *Holland v. State*, (1980) 274 Ind. 382, 383, 421 N.E.2d 77, 79, *reh. denied* (1981). Here, when Appellant declined to make his opening statement following the State's, he waived any chance to do so later, and any subsequent refusal to allow such by the court does not result in a denial of due process.

 Furthermore, Appellant was aware of this issue on direct appeal, and review was then available. As we stated in *Ross v. State*, (1983) Ind., 456 N.E.2d 420, 421, post-conviction relief is not a substitute for direct appeal, and failure to raise issues available on appeal waives such issues for post-conviction relief purposes.

## II

Appellant's second allegation of error is that the post-conviction court erroneously

failed to issue Findings of Fact and Conclusions of Law on all issues set out in his petition for post-conviction relief. Appellant maintains three issues were not addressed:

1. whether the trial court abused its discretion in denying Appellant the opportunity to make an opening statement;

2. whether the record was incomplete; and

3. whether the conviction was supported by sufficient evidence.

Appellant cites Ind.R.P.C. 1, § 6, requiring the trial court to make findings and conclusions on all issues presented. Appellant alleges prejudice in that he was denied a meaningful opportunity to challenge the correctness of the judgment.

Appellant listed the above-stated issues in his original Petition for Post-Conviction Relief on April 21, 1981. On December 1, 1983, Appellant amended his petition to include an additional allegation of ineffective counsel. On January 31, 1984, the trial court entered, in part, the following:

"3. The only issue presented at the hearing was the failure of Petitioner's trial counsel to make an opening statement to the jury, which Petitioner alleges constituted ineffective assistance of counsel." *Record*, pp. 47–48.

We have held that even where findings and conclusions of the post-conviction court are inadequate, where the claims presented by the defendant are not claims which would entitle him to relief, the inadequacies are harmless. *Lowe v. State*, (1983) Ind. 455 N.E.2d 1126, 1128; *Davis v. State*, (1975) 263 Ind. 327, 331, 330 N.E.2d 738, 741. All three allegations at issue here were known to Appellant and available to him on direct appeal, although he did not pursue them.

The post-conviction relief process is not a substitute for direct appeal. Post-conviction actions are special, quasi-civil remedies whereby a party can present an error which, for various reasons, was not available or known at the time of the original trial or appeal. *Dixon v. State*, (1984) Ind., 470 N.E.2d 728, 729.

Since the three issues raised by Appellant could not entitled him to relief through the post-conviction process, any inadequacies on the part of the post-conviction court are therefore harmless error.

### III

Appellant next contends his conviction was based on insufficient evidence of the element of intent. This allegation of error was raised on direct appeal and disposed of by us in *Berry v. State*, (1978) 268 Ind. 432, 376 N.E.2d 808, wherein we affirmed the trial court's conviction. Appellant has provided us with no additional facts here. Issues raised and determined on direct appeal are not reviewable in a subsequent post-conviction proceeding. *Dixon*, Ind., 470 N.E.2d at 730.

### IV

Appellant's final argument is that he was prejudiced because the stipulated testimony of Dr. T.Y. Huang was erroneously omitted from the Record of Proceedings on direct appeal.

Immediately prior to resting its case, the State requested reading of the stipulated medical testimony of Dr. T.Y. Huang. The court identified the testimony of Huang, acknowledged the filed stipulation regarding his testimony, and read his testimony. The testimony is not set out in the Record of Proceedings on direct appeal.

It is the duty of the appellant to provide the court with a record sufficient to permit consideration and decision of errors presented. *Schuman v. State*, (1976) 265 Ind. 586, 593, 357 N.E.2d 895, 899; Ind.R. App.P. 7.2. Upon requesting the Record of Proceedings, Appellant should have taken account of the materials to insure they were complete. At that point Appellant could have corrected any error.

Appellant alleges no prejudice due to the omitted testimony except for a conclusory statement that the testimony would have supported his allegations of error. To gain reversal Appellant must show prejudice to his cause. *Yager v. State*, (1982)

Ind., 437 N.E.2d 454, 463, *reh. denied* (1982).

For the above stated reasons the trial court is in all respects affirmed.

GIVAN, C.J., and PRENTICE and SHEPARD, JJ., concur.

DeBRULER, J., concurs in result.