Robert G. Frey Haskell County Counselor 1005 N. Market Wichita, Kansas 67214-2911
Dear Mr. Frey:
As Haskell county counselor, you request our opinion regarding a county attorney's claim for additional payments.
K.S.A. 22-3612 provides:
 "In representing the interests of the state in appeals from criminal actions in the district courts of this state to the supreme court or court of appeals or in other post-conviction actions arising from criminal prosecutions, the attorney general shall invoke the assistance of the county or district attorney of the county in which the action originally commenced. The reasonable costs of such assistance shall be allowed and paid by the board of county commissioners from the county general fund for any services rendered by such county's county or district attorney pursuant to this section."
There are two situations where the county attorney is allowed additional payments for the services performed under the above statute. One is when representing the state in appeals taken from the district court to the appellate courts, and the other is dealing with "other post-conviction actions arising from criminal prosecutions."
Before a defendant can invoke the jurisdiction of the appellate courts, he or she must first exhaust all other avenues of appeal. PioneerOperations Co. v. Brandeberry, 14 Kan. App. 2d 289, 291 (1990). Class A and B felonies, those cases in which the maximum sentence of life imprisonment has been imposed, and any case where a United States statute or Kansas statute has been held unconstitutional are appealable directly to the state supreme court. All other criminal appeals are taken to the court of appeals. K.S.A. 22-3601.
Appeals can be taken by the prosecution as well as the defendant. Interlocutory appeals by the state are taken to the court of appeals, when orders suppressing evidence would substantially impair the state's ability to prosecute its case. K.S.A. 22-3603.
We believe these are the appeals taken by the defendant and the state that were contemplated as "representing the interests of the state in appeals from criminal actions in the district courts of this state to the supreme court or court of appeals" in K.S.A. 22-3612. Next, we must determine what is meant by the phrase "other post-conviction actions arising from criminal prosecutions."
Although there is no definition of the term "post-conviction actions" in the statutes, it has been defined elsewhere as "special quasi-civil remedies, whereby [a] party can present error which, for various reasons, was not available or known at time of [the] original trial or appeal." Berry v. Indiana, 483 N.E.2d 1369, 1373 (Ind. 1985). A convicted defendant may file a civil action attacking his or her conviction and sentence under K.S.A. 60-1507. This is the exclusive remedy available to a prisoner in custody to make a collateral attack on a sentence, filed in the district court in which the prisoner was originally sentenced. K.S.A. 60-1507 motions are similar in nature to habeas corpus, which is codified in K.S.A. 60-1501. The habeas corpus and K.S.A. 60-1507 motions are filed first in the district court, not in the appellate court. We believe that "other post-conviction actions arising from criminal prosecutions" means responding to a prisoner's habeas corpus or K.S.A.60-1507 motion.
Furthermore, K.S.A. 19-702 provides:
 "It shall be the duty of the county attorney to appear in any court having jurisdiction within the county and prosecute or defend on behalf of the people all actions and proceedings, civil or criminal, in which the state or the county is a party or interested."
We understand that the Haskell county attorney requested payment of hourly fees for work performed as follows:
1. review of defendant's motion to modify sentence,
2. review of sentencing report,
3. review of probation violation report,
4. motion to revoke probation and find in contempt,
5. preparation of notice of hearing on motion to revoke,
6. review post conviction motion for discovery.
We do not believe that the above services were performed in representing the state in appeals to the supreme court or court of appeals, nor in post-conviction actions such as habeas corpus or K.S.A.60-1507 motions. Therefore, the county commissioners are not required to allow payment to the county attorney from the general fund for the listed services.
In conclusion, all reasonable costs of the county attorney's assistance to the attorney general shall be allowed and must be paid by the county commissioners from the county general fund. However, for purposes of this requirement the assistance to the attorney general is limited to representation of the interests of the state in appeals and other post-conviction actions. The work performed in relation to post trial motions, such as reviewing sentencing reports and probation violation reports, are not representation of the state in appeals nor post-conviction actions contemplated in K.S.A. 22-3612. When the county attorney appears in the court having jurisdiction within the county prosecuting or defending on behalf of the people, the county attorney is not entitled to supplemental payments pursuant to K.S.A. 22-3612.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas