Kenyan L. TAYLOR, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48S00–9504–CR–414.

Supreme Court of Indiana.

Feb. 27, 1997.

Rehearing Denied May 16, 1997.

William Byer, Jr., Byer & Byer, Anderson, for Appellant–Defendant.

Pamela Carter, Attorney General of Indiana, Preston W. Black, Deputy Attorney General, Office of Attorney General, Indianapolis, for Appellee–Plaintiff.

BOEHM, Justice.

A jury convicted Kenyan L. Taylor of murder. He was sentenced to sixty years imprisonment. Taylor raises four issues on appeal that we restate as follows:

I. Did the trial court err by refusing to admit evidence of witnesses' gang activity?

II. Did the trial court err by allowing testimony of a witness whose name was not included on the State's pretrial discovery witness list?

III. Did the trial court err by failing to give a missing witness instruction to the jury?

IV. Was the evidence sufficient to support his murder conviction?

We affirm.

### Facts and Procedural History

The facts most favorable to the verdict reveal that on February 22, 1993, Taylor and Mose Bowling went to Walter Anderson's home to collect money Anderson allegedly owed Taylor from some drug transactions. After Taylor demanded money from Anderson, an argument broke out and Anderson was shot. Anderson subsequently died from a gunshot wound to the heart. Taylor was convicted of murder and sentenced to sixty years in prison. Taylor now appeals his conviction.

### I. Testimony of Gang Activity

At trial, Taylor attempted to elicit testimony that two witnesses were involved in gang activity. In each case, the trial court sustained the State's objections on grounds of relevancy or because the question assumed facts not in evidence. The trial court also sustained the State's relevancy objection to an Indianapolis police officer's deposition in which the officer discussed his familiarity with a particular gang and its activity. Taylor argues that the trial court committed reversible error by not admitting these items of testimony because each supported the defense's theory that this was a gang-related crime committed by another person.

Relevant evidence means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ind. Evidence Rule 401. Taylor does not explain why any evidence tending to show that either witness was a gang member bears on any issue in the case. The best he offers is an undifferentiated suggestion that the killing was somehow gang-related. Without more, this raises no issue sufficient to support a claimed relevancy error. Fur-

thermore, error in the exclusion of evidence will not warrant reversal unless a substantial right of the party is affected. Evid.R. 103. At a hearing outside the presence of the jury, Taylor asked the first witness whether he was a member of a gang. The witness stated he was not. Thus, Taylor's substantial rights would not have been affected if the jury had heard this testimony. The second witness testified in front of the jury on two occasions that he was a member of the Growth and Development Nation. Taylor is not entitled to reversal predicated upon exclusion of evidence where other evidence of the same fact is received. *Holifield v. State*, 572 N.E.2d 490, 495 (Ind.1991), *reh'g denied*. The trial court did not abuse its discretion in excluding the evidence of the witnesses' gang activity. *See Kremer v. State*, 514 N.E.2d 1068, 1073 (Ind.1987), *reh'g denied*.

## II. Testimony of Unlisted Witness

 Taylor next alleges that the trial court erred in allowing Officer Steve Brooks to testify because Brooks did not appear on the State's pretrial discovery witness list. The trial court has broad discretion in ruling on violations of discovery orders, and we will reverse only for abuse of that discretion. *Jenkins v. State*, 627 N.E.2d 789, 799 (Ind. 1993), *cert. denied*, 513 U.S. 812, 115 S.Ct. 64, 130 L.Ed.2d 21 (1994). Exclusion of evidence as a discovery abuse sanction is proper only where there is a showing that the State engaged in deliberate or other reprehensible conduct that prevents the defendant from receiving a fair trial. *Id.*

When the State called Brooks to the witness stand, Taylor requested a bench conference and informed the court that Brooks was not on the witness list. The prosecutor responded that Taylor had taken Brooks' deposition. On direct examination, Brooks testified about footprints from the victim's apartment. Taylor did not cross-examine Brooks. After another witness testified, Taylor moved to strike Brooks' testimony because he could not find Brooks' deposition and the State could not produce it. Apparently, the prosecutor conceded that no deposition had been taken, but stated that he did not intend to intentionally mislead the court

or Taylor and honestly believed there was a deposition. The trial court denied Taylor's motion to strike Brooks' testimony, but allowed Taylor the opportunity to interview Brooks prior to cross-examining him. The record is silent as to whether Taylor interviewed Brooks. However, Taylor did not recall Brooks for cross-examination. There is no evidence in the record, nor does Taylor argue, that the prosecutor deliberately or intentionally avoided telling Taylor about the witness. Therefore, the trial court was well within its discretion in ruling that Taylor was entitled to no more than a continuance. The trial court effectively gave Taylor that relief by allowing him to interview and cross-examine the witness. *McDonald v. State*, 511 N.E.2d 1066, 1069 (Ind.1987) (normal remedy for failing to disclose a witness is the granting of a continuance). This issue presents no basis for reversal.

## III. Missing Witness Instruction

 Taylor next contends that the trial court committed reversible error by refusing Taylor's tendered instruction no. 16, which instructed the jury that because the State failed to produce the State's chief investigator of the case, the jury could infer that his testimony would have been unfavorable to the State. The tendered instruction, commonly referred to as a missing witness instruction, is not generally favored in Indiana. *Gossmeyer v. State*, 482 N.E.2d 239, 243 (Ind.1985). A missing witness instruction is appropriate only when a witness is available to be produced by one party but not by the other. *Metcalf v. State*, 451 N.E.2d 321, 324 (Ind.1983). There is no evidence in the record, nor does Taylor argue, that the investigator was unavailable to him. Accordingly, Taylor was not entitled to such an instruction.

## IV. Sufficiency of the Evidence

 Finally, Taylor contends there was insufficient evidence to support his murder conviction. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *Jordan v. State*, 656 N.E.2d 816, 817 (Ind. 1995), *reh'g denied*. We look to the evidence and the reasonable inferences therefrom that

support the verdict. *Id.* The conviction will be affirmed if evidence of a probative value exists from which a jury could find the defendant guilty beyond a reasonable doubt. *Id.*

 Taylor alleges his conviction should be reversed because there was no direct evidence that he or Bowling discharged the gun. It is well settled that a conviction for murder may be sustained on circumstantial evidence alone. *Green v. State,* 587 N.E.2d 1314, 1315 (Ind.1992). If a reasonable inference can be drawn from the circumstantial evidence, the verdict will not be disturbed. *Id.* In this case, there was overwhelming evidence of Taylor's guilt. The victim, Anderson, allegedly owed money to Taylor and Taylor attempted to collect on several occasions. One witness, who accompanied Taylor to collect on one of those occasions, testified that Taylor stated, "If [Anderson] don't have my money by twelve o'clock, I'm gonna kill 'em." Sometime thereafter, Taylor borrowed a gun from Bowling and the two of them went to the Anderson's apartment, where Taylor demanded money from Anderson. Bowling testified that after he turned to leave the apartment, he heard two shots. Taylor and Bowling fled from the scene and met at Taylor's vehicle. According to Bowling's testimony, Taylor returned to the scene sometime thereafter to be sure that Anderson was dead. From this evidence, the jury could reasonably infer that Taylor murdered Anderson.

 Taylor further argues that the evidence was insufficient because seven jurors signed affidavits stating that Taylor did not commit the murder. However, in those affidavits, each of the seven jurors stated that he or she found Taylor guilty based upon the trial court's instructions regarding accomplice liability. Assuming *arguendo* that Taylor did not fire the fatal shot, the jury could nevertheless find Taylor guilty as an accomplice consistent with the trial court's instructions. An accomplice who acts in concert with another who actually committed the direct acts constituting the elements of the crime is equally as liable as a principal for all natural and probable consequences of the plan. *Tynes v. State,* 650 N.E.2d 685, 687

(Ind.1995); *see also* IND.CODE § 35–41–2–4 (1993). The evidence noted above, along with other evidence in the record, clearly supports the jury's conclusion that Taylor was guilty of murder beyond a reasonable doubt.

### Conclusion

Taylor's conviction for the murder of Walter Anderson is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN and SELBY, JJ., concur.