Henry LEWIS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9611–CR–704.

Court of Appeals of Indiana.

Oct. 13, 1998.

Catherine M. Morrison, Wolf & Morrison, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Rachel C. Zaffrann, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION ON REHEARING

STATON, Judge.

Henry Lewis seeks rehearing of this court's February 6, 1998 memorandum decision affirming his convictions for burglary and attempted theft. *Lewis v. State*, 49A02–9611–CR704 (Ind.Ct.App. Feb. 6, 1998). We grant rehearing, order Lewis's convictions vacated, and remand for a new trial.

On the evening of August 7, 1995, Lewis broke into a maintenance building at Southriver Golf Course. Lewis was observed inside the building by a golf course employee and was apprehended by police as he fled. When Lewis was arrested, the police found that a maintenance vehicle and a number of tools had been moved out of the building.

Two days prior to trial, the State informed Lewis that it intended to introduce fingerprint evidence taken from a soda can found in the maintenance building. On the morning of trial, the State also informed Lewis that it intended to introduce photographs taken of the crime scene. Lewis objected to both the fingerprint evidence and the photographs, and moved to exclude this evidence. The trial court denied Lewis's motion. Lewis did not request a continuance and the jury ultimately convicted Lewis of burglary and · attempted theft. Lewis appealed his convictions arguing that the fingerprint and photo-

graphic evidence should have been excluded due to the State's violation of local discovery rules and that the evidence was insufficient to support his convictions. This court affirmed.

### I.

### *Fingerprint and Photographic Evidence*

■ Lewis first argues that this court erred by not reversing his convictions due to the admission of the fingerprint and photographic evidence. In affirming Lewis's convictions, a majority of this court concluded that Lewis failed to prove that the State's conduct in withholding the evidence was deliberate, and in the absence of such proof, his only remedy was a continuance. *Id.* at 3. Furthermore, since Lewis did not request a continuance, we held that the trial court did not abuse its discretion in admitting the challenged evidence. *Id.* at 4.

The State's exhibits were covered by the local "Automatic Discovery Rule." The Rule provides: "The court at the initial hearing will automatically order the State to disclose and furnish all relevant items and information under this Rule to the defendant(s) within thirty (30) days from the date of the initial hearing...." Rule 8, Rules of Organization and Procedure of the Marion Superior Court, Criminal Division, INDIANA RULES OF COURT, 1995.[1] The initial hearing date was August 11, 1995. The State filed its "Notice of Discovery Compliance" on August 15, 1995, one hundred and twenty-three (123) days before trial. There was never any notice given to Lewis's defense counsel until two days before trial that the State had any intention of offering newly discovered evidence. This was not merely negligence. Rather, on Friday, five days prior to trial, the State had affirmatively represented to the court and to defense counsel that there would be no fingerprint evidence.

■ Generally, the proper remedy for a discovery violation is a continuance. *Cliver v. State*, 666 N.E.2d 59, 64 (Ind.1996). Ex-

---

**1.** Rule 8 is now Rule 7 and provides for twenty (20) days instead of thirty (30) days. Rule 7, Rules of Organization and Procedure of the Mar-

ion Superior Court, Criminal Division, INDIANA RULES OF COURT, 1998.

clusion of the evidence as a remedy for a discovery abuse is only proper where there is a showing that the State's actions were deliberate or otherwise reprehensible, and this conduct prevented a fair trial. *Id.; Taylor v. State,* 676 N.E.2d 1044, 1046 (Ind.1997), *reh. denied.* "Absent clear error and resulting prejudice, the trial court's determinations as to violations and sanctions should not be overturned." *Cliver,* 666 N.E.2d at 64.

Undoubtedly, Lewis was prejudiced by the State's disclosure of this evidence immediately before trial. The court observed that "we agreed there were no fingerprints . . . and then all of a sudden now we have the fingerprints." The court recognized the potential prejudice caused by the State's violation when it stated, "Trial by ambush went out a long time ago," and indicated, ". . . I'm not going to have this in the future . . ." Record at 165. Too, the State itself recognized that the fingerprint evidence was "awfully damning." Record at 147. Despite its obvious disdain for the State's delay, the trial court refused to exclude the fingerprint evidence, concluding that Lewis was not prejudiced since he did not plan to argue in his defense that he was not inside the maintenance building. However, as noted by defense counsel, this cannot be a proper standard for determining prejudice since Lewis had no obligation to present a defense.

Moreover, the State's delay in disclosing this evidence prejudiced Lewis in his consideration of a plea offer. Lewis had been offered a guilty plea of six years executed. Without knowledge of the "awfully damning" fingerprint evidence, Lewis declined. Later, the State filed an habitual offender information. On the day of trial and after the announcement of the fingerprint and photographic evidence, the State reluctantly offered another plea. Following a ten minute recess, Lewis again rejected the offer. Defense counsel, unprepared, was forced to trial. Lewis was convicted and received a sentence of thirteen and one half years. Had Lewis known of the evidence withheld by the State and had the defense counsel had more than ten minutes to discuss the plea with him, Lewis could have avoided seven and one half years of prison time.

Assuming *arguendo* that the State's conduct was neither deliberate nor reprehensible, thereby eliminating exclusion as a remedy, the trial court still committed error by refusing to provide Lewis with a continuance. Recognizing its violation of the discovery rule, the State offered to continue the case. In response, the trial court stated:

> No, I'm not going to do that, I want . . . to get [the fingerprint expert] here so [defense counsel] can talk to him and then if [defense counsel] finds out that there's some discrepancy in what happened in lifting the prints then I'll entertain a motion [for a continuance] at that point. . . .

Record at 158. Thus, the court declined to consider a continuance based on the State's late production of evidence and would consider a continuance only if there was some problem with how the evidence was collected. Lewis should have been granted a continuance without limitation.

■ Finally, we hold that Lewis did not waive his right to challenge the admission of this evidence due to his failure to request a continuance. As noted above, the trial court affirmatively stated that it was unwilling to consider a continuance unless it appeared that there was some problem with how the fingerprint evidence was collected. Thus, it would have been futile for Lewis to request one.

## II.

### Sufficiency of the Evidence

■ On appeal, Lewis argued that there was insufficient evidence of his intent to exert unauthorized control over the equipment to support his burglary and attempted theft convictions. He argues on rehearing that our conclusion to the contrary was error. We disagree.

The evidence reveals that Lewis was the only person seen inside the building during the burglary. At the scene, the police discovered that a maintenance vehicle carrying equipment and a box of tools had been moved outside the building. Testimony showed that the tools had been taken from their individual storage areas, placed in one box, and moved outside the building after the building

had been locked for the night. The maintenance vehicle had been locked inside the building as well. This evidence leads to the reasonable inference that Lewis moved the vehicle and tools outside the building because he intended to take them. There was sufficient evidence that Lewis intended to exert unauthorized control over the equipment to support his convictions.

In conclusion, we grant rehearing, order Lewis's convictions vacated, and remand for a new trial.

NAJAM, J., concurs.

GARRARD, J., dissents with separate opinion.

GARRARD, Judge, dissenting.

I dissent to the grant of rehearing.

Initially, I should note that had the record supported the conclusion that the state had deliberately withheld the fingerprint evidence from Lewis, I would have no trouble in granting a new trial. The record, however, does not support that conclusion. Rather it appears that either the trial deputy or the assignment system used in the prosecutor's office was merely negligent.

Even so, had the trial judge elected to exclude the fingerprint evidence[2] I would support that decision. He did not. He chose, instead, to admonish the prosecutor, and I assume that his message was conveyed throughout the prosecutor's office.

As the majority recognizes, when the court in the exercise of discretion decides to allow evidence although discovery orders have been violated, the normal remedy is continuance. The majority on rehearing appears to place considerable reliance upon the fact that although the state offered to agree to a continuance when the court ruled that it would allow the evidence, the court stated that it would not grant a continuance at that moment (although it would consider one after the defense had the opportunity to interview the fingerprint expert over the lunch recess). To me the more critical feature is that Lewis

did *not* request a continuance either then or at any later time. Not being as omniscient as the majority, I am unable to say that such a request would have been futile.

Finally, the majority concludes that the delay in disclosing the fingerprint evidence prejudiced Lewis in his consideration of a plea agreement. The agreement had been proposed by the state but withdrawn before the commencement of trial. To his credit, the trial judge required the state to renew its plea offer when the fingerprint evidence became known. The majority opines that Lewis and his attorney only had ten minutes or so to reconsider, but, then, the only new factor was knowledge of the fingerprint. Be that as it may, *no issue* was presented in this appeal concerning plea negotiations or the consequences of the discovered fingerprint thereon.

In sum, the state's pretrial preparation in this case was certainly sloppy, and the state deserved the strong rebuke it received from the trial judge. On the other hand, one of the law's ancient metaphors is that encountering a chuckhole in the road does not provide an adequate reason for commencing the journey all over again. Furthermore, it should be recalled that, as reported by the majority, Lewis was observed inside the building by a golf course employee and was apprehended by police as he fled. I would deny rehearing and affirm the conviction.

---

**2.** While photographs are also mentioned in appellant's brief, no argument was presented specifically dealing with any photographic evidence.