**Chauncey HUBBARD, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 46S00–0005–CR–324.

Supreme Court of Indiana.

June 28, 2001.

Donald W. Pagos, Michigan City, IN, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Rosemary L. Borek, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SULLIVAN, Justice.

Defendant Chauncey Hubbard was convicted of murder for shooting a man to death. We affirm, finding that the testimony of three witnesses present at the scene of the crime, together with the other evidence presented at trial, was sufficient to support the conviction.

*Background*

The evidence most favorable to the judgment indicates that on January 8, 1997, Defendant was in a car with his brother, Shawn Hubbard, and Melvin Harvell. Defendant was driving, Shawn was in the front passenger seat, and Harvell was in the back seat behind Hubbard. They were flagged down by the occupants of another car who told them that the victim, Kenyatta Mitchell, was on a nearby bridge. Defendant immediately drove to the bridge where Mitchell had been seen.

Mitchell and his friend, Theodis Henderson, were walking along the bridge as Defendant pulled up. Defendant slowed down next to them with his car in the middle of the road and his window down. A single gunshot was fired at Mitchell, hitting him in the head. Mitchell died from the gunshot wound.

At trial, both passengers in Defendant's car testified that Defendant rushed to the bridge after learning that Mitchell was there. They testified that as Defendant slowed down, they heard a shot fired from the inside of the car from the driver's seat, although they did not see a gun. Henderson's testimony was consistent with Shawn's and Harvell's. He testified that he was walking in front of Mitchell as Defendant drove toward them. He then heard a gunshot, turned around, and saw

Mitchell fall to the ground as the car drove away. In court, Henderson identified the driver of the car as Defendant. There was also testimony that a few days before the murder, Defendant and Mitchell had a confrontation in which Mitchell had knocked out several of Defendant's teeth.

Defendant was convicted of Murder[1] and sentenced to 65 years imprisonment.

### Discussion

Defendant contends that there was insufficient evidence to find him guilty of murder. *See* Appellant's Br. at 4. Specifically, Defendant points out that none of the witnesses saw him fire a gun and argues that the evidence was therefore insufficient. *See id.* at 6.

In reviewing a sufficiency of the evidence claim, the Court neither reweighs the evidence nor assesses the credibility of the witnesses. *See Brasher v. State,* 746 N.E.2d 71, 72 (Ind.2001); *Chambliss v. State,* 746 N.E.2d 73, 77 (Ind.2001). We look to the evidence most favorable to the verdict and reasonable inferences drawn therefrom. *Id.* We will affirm the conviction if there is probative evidence from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Id.*

Circumstantial evidence alone may be sufficient to support a conviction. *See Taylor v. State,* 676 N.E.2d 1044, 1047 (Ind.1997), *reh'g denied.* "If a reasonable inference can be drawn from the circumstantial evidence, the verdict will not be disturbed." *Id.*

Although none of the witnesses in this case saw Defendant with a gun, the evidence supports a reasonable inference that Defendant shot Mitchell. First, there was evidence that Defendant held a

grudge against the victim; second, Defendant's passengers at the time of the murder indicated that Defendant hurried to get to Mitchell when he heard of his whereabouts; third, the passengers both testified that they heard a gunshot emanate from where Defendant was sitting. *See Pratt v. State,* 744 N.E.2d 434, 436–37 (Ind.2001) (upholding a conviction where the defendant was the only person in the room with the victim and there was evidence that the victim died from blows to the head); *Collier v. State,* 562 N.E.2d 722, 724 (Ind.1990) (upholding a conviction where defendant was seen at the scene of the crime with a gun, and witnesses heard gunshots.) Finally, a third witness heard the shot, and turned around to see Defendant fleeing the scene in his car.

### Conclusion

We affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.