Kenyan L. TAYLOR, Appellant–
Petitioner,

v.

STATE of Indiana, Appellee–
Respondent.

No. 48A02–0402–PC–00133.

Court of Appeals of Indiana.

Jan. 14, 2005.

Transfer Granted March 24, 2005.

Susan K. Carpenter, Public Defender of Indiana, Hope Fey, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Kenyan L. Taylor appeals the denial of his petition for post-conviction relief. Because we find that Taylor's trial counsel provided ineffective assistance by failing to object to an instruction on the basis that it omitted an essential element of the offense, we vacate Taylor's conviction and remand for a new trial.

### Facts and Procedural History

As recited by our supreme court during Taylor's direct appeal:

> The facts most favorable to the verdict reveal that on February 22, 1993, Taylor and Mose Bowling[, Jr.] went to Walter Anderson's home to collect money Anderson allegedly owed Taylor from some drug transactions. After Taylor demanded money from Anderson, an argument broke out and Anderson was shot. Anderson subsequently died from a gunshot wound to the heart.

*Taylor v. State*, 676 N.E.2d 1044 (Ind. 1997), *reh'g denied.*

The State charged Taylor with Murder, a felony.[1] In the same information, the State charged Bowling with Assisting a Criminal, a Class C felony,[2] because Bowling admitted to providing Taylor with the gun used to shoot Anderson and accompanying Taylor to Anderson's home. Before going to trial, Bowling entered into an agreement with the State to plead guilty to Conspiracy to Commit Criminal Recklessness, a Class C felony,[3] and received a four-year sentence with two years suspended in exchange for his testimony against Taylor.

During Taylor's jury trial, Bowling testified that he was "quite intoxicated" on the night of the shooting, that he loaned his gun to Taylor, and that Taylor shot Anderson. After both sides had rested, the State tendered accomplice liability instructions to the trial court. Included

---

1. Ind.Code § 35–42–1–1. In pertinent part, the Murder statute provides, "A person who ... *knowingly or intentionally* kills another human being ... commits murder." *Id.* (emphasis supplied).

2. Ind.Code § 35–44–3–2.

3. Ind.Code § 35–41–5–2.

among those instructions was the following:

> To sustain the charge of Murder, the State must prove the following elements:
>
> That KENYAN L. TAYLOR did:
>
> 1. knowingly or intentionally,
>
> 2. kill,
>
> 3. WALTER ANDERSON
>
> Or that KENYAN L. TAYLOR:
>
> 1. knowingly or intentionally aided, induced or caused another person to,
>
> 2. kill,
>
> 3. WALTER ANDERSON
>
> If you find from your consideration of all the evidence that each of the elements, or one set of circumstances had been proved beyond a reasonable doubt, then you should find the defendant guilty of Murder.
>
> However, if you find from your consideration of all the evidence that any of the elements, of one set of circumstances had not been proved beyond a reasonable doubt, then you should find the defendant not guilty of Murder.

Appellant's App. p. 128. A jury convicted Taylor of Murder. Subsequently, Taylor filed a Motion for Judgment on the Evidence with attached juror affidavits averring that at least seven of the twelve jurors did not believe that Taylor was the shooter but found him guilty under an accomplice liability theory. The trial court denied the motion and sentenced Taylor to a term of sixty years.

Taylor appealed, and our supreme court affirmed his conviction. *See Taylor,* 676 N.E.2d 1044. Taylor filed a *pro se* petition for post-conviction relief, which was subsequently amended by appointed counsel. Following a hearing on the petition, the post-conviction court denied Taylor's request for relief. Taylor now appeals.

**Discussion and Decision**

Taylor challenges the denial of his petition for post-conviction relief. Generally, completion of Indiana's direct appellate process closes the door to a criminal defendant's claims of error in conviction or sentencing. Our law, however, allows defendants to raise a narrow set of claims through a petition for post-conviction relief. *See* Ind. Post–Conviction Rule 1(1). Post-conviction procedures do not afford defendants the opportunity for a "super-appeal." *Benefiel v. State,* 716 N.E.2d 906, 911 (Ind.1999), *reh'g denied.* Rather, they are "special, quasi-civil remedies whereby a party can present an error which, for various reasons, was not available or known at the time of the original trial or appeal." *Berry v. State,* 483 N.E.2d 1369, 1373 (Ind.1985). The petitioner bears the burden of establishing the grounds for post-conviction relief by a preponderance of the evidence. *Weatherford v. State,* 619 N.E.2d 915, 917 (Ind.1993), *reh'g denied.* Consequently, a petitioner who has been denied post-conviction relief faces a rigorous standard of review. *Benefiel,* 716 N.E.2d at 912. To prevail on appeal, the petitioner must establish that the evidence as a whole "leads unerringly and unmistakably to a decision opposite that reached by the trial court." *Prowell v. State,* 741 N.E.2d 704, 708 (Ind.2001). Stated otherwise, we will disturb a post-conviction court's decision only where the evidence is uncontradicted and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion. *Miller v. State,* 702 N.E.2d 1053, 1058 (Ind.1998), *reh'g denied.*

Upon reviewing a petition for post-conviction relief, we may consider only the evidence and the reasonable inferences supporting the judgment of the post-conviction court, *i.e.,* the sole judge of the evidence and the credibility of the wit-

nesses. *Blunt–Keene v. State,* 708 N.E.2d 17, 19 (Ind.Ct.App.1999). Moreover, our supreme court has emphasized that in post-conviction proceedings, complaints that something went awry at trial are generally cognizable only when they show deprivation of the right to effective assistance of counsel or issues demonstrably unavailable at the time of trial or direct appeal. *Sanders v. State,* 765 N.E.2d 591, 592 (Ind.2002).

While Taylor raises several issues in his brief, we find his claim of ineffective assistance of trial counsel to be dispositive. We review ineffective assistance of trial counsel claims under the two-prong test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *reh'g denied; Wentz v. State,* 766 N.E.2d 351, 360 (Ind.2002), *reh'g denied.* First, the petitioner must demonstrate that counsel's performance was deficient because it fell below an objective standard of reasonableness and denied the petitioner the right to counsel guaranteed by the Sixth Amendment to the United States Constitution. *Smith v. State,* 765 N.E.2d 578, 585 (Ind.2002), *reh'g denied.* We presume that counsel provided adequate assistance, and we give deference to counsel's choice of strategy and tactics. *Id.* "Isolated mistakes, poor strategy, inexperience, and instances of bad judgment do not necessarily render representation ineffective." *Id.*

Second, the petitioner must demonstrate that he was prejudiced by his counsel's deficient performance. *Wentz,* 766 N.E.2d at 360. To demonstrate prejudice, a petitioner must demonstrate a reasonable probability that the result of his trial would have been different if his counsel had not made the errors. *Id.* A probability is reasonable if our confidence in the outcome has been undermined. *Id.* If we can easily dismiss an ineffective assistance claim based upon the prejudice prong, we may do so without addressing whether counsel's performance was deficient. *Id.*

■ "Counsel is presumed competent and the defendant must present strong and convincing evidence to rebut this presumption." *Winters v. State,* 698 N.E.2d 1197, 1198 (Ind.Ct.App.1998), *reh'g denied, trans. denied.* And because we assume competence on the part of a lawyer at trial, an action or omission that is within the range of reasonable attorney behavior can only support a claim of ineffective assistance if that presumption is overcome by specific evidence as to the performance of the particular lawyer. *Morgan v. State,* 755 N.E.2d 1070, 1074 (Ind.2001).

The ineffective assistance of trial counsel claim that we address herein arises out of a failure to object to the jury instructions and tender an instruction that delineated all the elements necessary to establish accomplice liability for murder. Generally, to succeed on a claim that trial counsel was ineffective for failing to make an objection, the defendant must demonstrate that if such an objection had been made, then the trial court would have had no choice but to sustain it. *Sanchez v. State,* 675 N.E.2d 306, 310 (Ind.1996).

Here, a jury found Taylor guilty of murder after receiving an instruction regarding accomplice liability. Under Indiana's accomplice liability statute, a person "who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense." Ind.Code § 35–41–2–4; *Whedon v. State,* 765 N.E.2d 1276, 1277 (Ind.2002). In this case, the offense that Taylor was accused of being an accomplice to was murder, which requires proof that a person *knowingly or intentionally* killed another human being. Ind.Code. § 35–42–1–1(1) (emphasis supplied). Nonetheless, the jury was instructed:

To sustain the charge of Murder, the State must prove the following elements:

That KENYAN L. TAYLOR did:

1. knowingly or intentionally,
2. kill,
3. WALTER ANDERSON

Or that KENYAN L. TAYLOR:

1. knowingly or intentionally aided, induced or caused another person to,
2. kill,
3. WALTER ANDERSON

Appellant's App. p. 128. Thus, the jury was properly instructed that if Taylor was the shooter, then he had to have knowingly or intentionally killed Anderson. However, the jury was not instructed that the person that Taylor was aiding, inducing, or causing to kill Anderson had to do so with a knowing or intentional *mens rea* to constitute murder.

Our supreme court has previously opined that it is fundamental error for the trial court to fail to give an instruction setting forth all the elements of the offense. *Lacy v. State*, 438 N.E.2d 968, 971 (Ind.1982); *see also Screws v. United States*, 325 U.S. 91, 106–07, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945) (finding fundamental error where the jury instructions did not sufficiently set forth the *mens rea* element of the charged offense). Starting from this premise, we recognize that if Taylor's trial counsel had raised an objection to the instructions, then the trial court would have had to sustain it because the *mens rea* element of the crime that Taylor was accused of being an accomplice to was not present in the instructions. To do other-

wise would have constituted fundamental error.

Because the State pursued an accomplice liability theory and the instructions did not delineate that the person who was aided, induced or caused to kill had to commit such act knowingly or intentionally, we find to be unreasonable trial counsel's failure to object to the instruction and to tender an instruction explaining the requisite *mens rea* of a principal. Had Taylor's trial counsel objected to the accomplice liability instruction as presented, the trial court would have had to sustain it because all of the essential elements of the offense were not present in the instructions,[4] and therefore, the alternative would have been fundamental error pursuant to *Lacy*. Accordingly, there is a reasonable probability that had trial counsel objected to the accomplice liability instruction and tendered an instruction outlining all of the elements required to find Taylor guilty as an accomplice to murder, the jury's verdict would have been different, *i.e.*, the jury could have concluded, for example, that Bowling did not knowingly or intentionally kill Anderson. This is so especially in light of the fact that Bowling pled guilty to conspiracy to commit criminal recklessness. Without an instruction that demarcates all of the elements of the offense for which the State sought to hold Taylor liable, the jury was clearly impeded in its role as a fact-finder. As such, Taylor was prejudiced by trial counsel's deficient performance. Consequently, we find that the post-conviction court erred by concluding that Taylor did not receive ineffective assistance of trial counsel and by not grant-

4. We recognize that at least one case has noted that to convict a defendant of aiding in murder, the State must prove beyond a reasonable doubt that the defendant: (1) intentionally or knowingly (2) aided, induced or caused another to (3) kill a human being. *See Garland v. State*, 788 N.E.2d 425, 431 (Ind.

2003). However, the State's burden of proof was not at issue in that case and the elements of the charged offense were simply being delineated as context. Thus, we do not find that the *Garland* case compels a different conclusion.

ing Taylor's petition for post-conviction relief.

For the foregoing reasons, we reverse the post-conviction court's denial of Taylor's petition for post-conviction relief and remand for proceedings not inconsistent with this opinion.

Reversed and remanded.

RILEY, J., and CRONE, J., concur.