Calvin TYNES, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 49S00–9402–CR–00141.

Supreme Court of Indiana.

May 30, 1995.

Howard Howe, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Suzann Weber Lupton, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant Calvin Tynes appeals his conviction of murder and presents two issues: (1) sufficiency of the evidence and (2) admissibility of unrelated weapon exhibits.

The defendant first contends that the evidence presented at trial is insufficient to prove the elements of the crime of murder beyond a reasonable doubt. He alleges inconsistencies both among prosecution witness Jennifer Watkins's various statements and between her statements and the physical evidence, and he emphasizes a statement he made to the police soon after the incident.

■ An appellate claim of insufficient evidence will prevail if, considering the probative evidence and reasonable inferences which support the judgment, and without weighing evidence or assessing witness credibility, we conclude that no reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223, 226; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied*, (1980), 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. Therefore, if a reasonable trier of fact could have found beyond a reasonable doubt that the defendant knowingly or intentionally killed the decedent, we must affirm the conviction. *See* Ind.Code. § 35-42-1-1.

■ The evidence favorable to the judgment shows that the decedent, Anthony Jones, and his girlfriend, Watkins, were walking down a street towards his grandmother's home in Indianapolis when they came upon a parked pickup truck containing the defendant along with three other people, with a fifth person standing nearby. At this point, someone in the group of people in and around the pickup truck—although not the defendant—asked if the decedent was Tony Jones and added, "I know what you did to my cousin." Next, Watkins saw the defendant, who was in the driver's seat of the pickup, lean down and pick up a shotgun. The decedent began to run as the defendant fired at him. He was struck by a number of shotgun blasts, which caused his death soon thereafter.

The defendant notes that the evidence from the crime scene which was adduced at trial demonstrates the presence of a second shooter. He explains that two different kinds of shotgun pellets were found in the decedent's body, and two different types of shell casings were found strewn about the crime scene. The wound which the pathologist stated was most likely fatal was inflicted by lead shot, and the gun which the defendant allegedly used fired copper shot. These facts, the defendant contends, show that a second, unidentified shooter actually committed the killing. The defendant, for the most part, supports his assertions with nothing more than his own version of the events of the night in question, *see* Brief of Appellant at 9–12, and urges us to reweigh the evidence on this issue and judge the credibility of the testimony.

■ The defendant notes inconsistencies in Watkins's testimony. The jury was free to decide that the witness was credible in spite of minor discrepancies between her deposition testimony and her testimony at trial on issues such as the color of the defendant's shirt and how close the defendant came to the victim. We note, as could have the jury, that it was 10:30 or 11:00 p.m. and dark at the time these events occurred. This fact could have been factored into the jury's assessment of credibility and could have led to their overlooking small inconsistencies in her testimony.

■ There is sufficient evidence from which a reasonable jury could conclude be-

yond a reasonable doubt that the defendant contributed to the victim's death. *Cf. Bivins v. State* (1970), 254 Ind. 184, 188–89, 258 N.E.2d 644, 646 (holding that defendant is responsible for decedent's death if the injury which he inflicts contributes to death, even if other causes also contributed). Two of the weapons used in the murder were found in the truck that the defendant was driving when he was apprehended, and he had admittedly fired one of the guns at the victim. Record at 124, 178, 205 (defendant's statement 15, 20), 367. Furthermore, the pathologist testified at trial that, although the most serious wound was to the femoral artery, the combination of the wounds killed the decedent. Record at 243–44. The pathologist continued that the decedent could have died even absent the wound to his femoral artery. Record at 244. It is enough if the wound contributed to death; it need not have been fatal standing alone. *Bivins,* 254 Ind. at 188–89, 258 N.E.2d at 646. Furthermore, had the defendant, arguendo, not fired the killing shot, he would still be guilty of murder under an accomplice liability theory. An accomplice who acts in concert with another who actually committed the direct acts which constitute the elements of the crime is equally as liable as a principal for all acts which are a natural and probable consequence of the plan. *See* Ind.Code § 35–41–2–4; *Moredock v. State* (1987), 514 N.E.2d 1247, 1249. It is not necessary for the State to show that a defendant was a party to a preconceived scheme; it must merely demonstrate concerted action or participation in an illegal act. *Bigbee v. State* (1977), 173 Ind.App. 462, 471, 364 N.E.2d 149, 155. Moreover, in the present case it seems clear that the defendant and his compatriots had a preconceived scheme—revenge upon the man who they believed had stolen a truck from their friend two weeks before and a second truck on that night. Record at 205 (defendant's statement 5–10, 16). Once the alleged thief—the victim—had been located, the defendant, by his own admission, fired a shotgun at him. We conclude that the evidence was sufficient for a reasonable jury to have found the defen-dant guilty of murder beyond a reasonable doubt.

■ The defendant contends, second, that the trial court erred in admitting into evidence two weapons and their accompanying ammunition, all found in the truck the defendant had been driving at the time of his arrest. The defendant argues that these two weapons—an assault rifle and pistol—were irrelevant and therefore inadmissible. Only shotguns were used at the scene, and the rifle and pistol—not having been connected to the crime—are highly prejudicial. The State counters that the evidence was properly admitted because it was in the get-away vehicle at the time the defendant was apprehended and because the trial court has wide latitude in determining the admissibility of evidence.

■ A trial court decision regarding the admission of evidence will be accorded a great deal of deference on appeal. *See Greene v. State* (1987), Ind., 515 N.E.2d 1376, 1380. In determining whether a piece of evidence is relevant and admissible, we look to whether the evidence tends to prove or disprove a material fact in the case or sheds any light on the guilt or innocence of the accused.[1] *Perigo v. State* (1989), Ind., 541 N.E.2d 936, 939. We conclude that it was error to admit the unrelated weapon evidence. It did not tend to prove or disprove a material fact or shed any light on whether the defendant was guilty of murder. The weapons were not used in the charged crime, nor were they helpful to "complete the picture" of the crime. However, we find that this error was harmless under the circumstances. The presence of these other weapons had been referred to several times throughout the trial without objection. Officer Meyers, who was one of the initial officers on the scene, testified that "there were a few weapons in the vehicle. Shotguns and some type of automatic pistol with a big banana clip on it and a semi-automatic handgun." Record at 178. In the defendant's own taped statement, which was admitted at trial, he extensively described the semi-auto-

---

1. This case was tried prior to the enactment of the Indiana Rules of Evidence; therefore, it has been decided under evidence law as it then exist-ed. We note, however, that Indiana Rules of Evidence 401 and 402 would now govern admissibility in situations such as this.

matic rifle along with the two shotguns; he even explained how many rounds of ammunition were in the rifle. Record at 205 (defendant's statement at 11, 13–16, 23). It is harmless error to admit evidence which is merely cumulative. *Atkinson v. State* (1991), Ind., 581 N.E.2d 1247, 1249; *Shumaker v. State* (1988), Ind., 523 N.E.2d 1381, 1382; *Campbell v. State* (1986), Ind., 500 N.E.2d 174, 181. We conclude that any error in admitting the rifle and handgun was harmless.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, SULLIVAN and SELBY, JJ., concur.