**Robert SIMMONS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49S00–9806–CR–366.

Supreme Court of Indiana.

July 16, 1999.

plaintiff did not read or sign that form until she arrived at the hospital in active labor.

Patricia Caress McMath Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Chris Worden, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

BOEHM, Justice.

Robert Simmons was convicted of the murder of Ronald Brown and was sentenced to fifty-five years imprisonment. In this direct appeal, Simmons contends the trial court erred by admitting irrelevant and prejudicial evidence, and also by admitting hearsay evidence of a child's statement in violation of the Confrontation Clauses of the Sixth Amendment and Indiana Constitution, Article I, Section 13. We affirm the trial court.

### Factual and Procedural Background

Simmons frequently visited his friend Melissa Fuqua to use the telephone in her home. On May 5, 1997, in the course of one of these visits, Simmons encountered Brown and another man entering the house as he was leaving. According to Simmons, the two had threatened him with guns earlier that year. Shortly thereafter, Brown left the house for his car. As Brown and Simmons passed on the porch, Brown allegedly called Simmons a "punk bitch." Brown then entered his car, and Simmons produced a .38 caliber handgun and fired five shots at Brown. Simmons later testified that he thought Brown was retrieving a gun from his car. Brown died as a result of gunshots to the head.

Fuqua's cousin and a friend were standing on Fuqua's porch when the shots were fired, and both testified that they saw Simmons shoot Brown. Fuqua was in the house when the shots were fired, but ran to the porch where Rashida, her eight-year-old daughter, was screaming "He killed him." As Fuqua tried to calm Rashida, the child repeated that Simmons had killed Brown. At trial, Fuqua related these events, including what the child had said. Rashida did not testify.

When the police arrived at the scene of the crime they found an empty holster lying on Simmons' car seat. Police photographs of the holster and the holster itself were admitted into evidence over objection. The jury was instructed on the issue of self-defense, but convicted Simmons of murder.

### I. Evidence of the Holster

Simmons first contends that the trial court erred by admitting the holster and pictures of the interior of Simmons' car showing the holster on the seat, both of which he contends were irrelevant and prejudicial. Given that Simmons admitted shooting Brown, but claimed self-defense, both the relevance and the prejudice of this evidence approach zero. Simmons cites *Tynes v. State*, 650 N.E.2d 685 (Ind.1995) for the

proposition that evidence of other weapons not used in the crime, but present at the scene of the crime, is inadmissible. In *Tynes*, evidence of other weapons not used in the crime was found to be error but harmless because there were other references to the weapons in testimony. *Id.* at 687. Here, the presence of a holster associated with the weapon used in the crime is even less consequential. Its relevance is marginal, but its prejudice is nonexistent. The trial court's balancing of these factors presents no reversible error.

## II. Hearsay and Confrontation Clause Issues

### A. *Excited Utterance*

■ Simmons also contends that the trial court erred when it overruled a hearsay objection to Fuqua's report of Rashida's statement that "Rob [Simmons] killed R.B. [Brown]." The trial court admitted the testimony as an excited utterance under Indiana Evidence Rule 803(2). Hearsay is admissible under this rule when the statement relates "to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." The issue is "whether the declarant was still under the stress of excitement caused by the startling event when the statement was made." *Yamobi v. State*, 672 N.E.2d 1344, 1346 (Ind.1996). Here, Fuqua testified that she went outside when she heard gunshots, and her daughter Rashida was screaming, "[h]e killed him." Fuqua brought Rashida in the house, where the child told her mother that Simmons killed Brown. Rashida's statements were made within a minute of the shooting. Simmons contends that Rashida

was not acting while under stress because Fuqua said she "had to calm Rashida down." It was well within the trial court's discretion to conclude that Rashida, eight years old, was still incapable of thoughtful reflection one minute after witnessing five gun shots and a death.

### B. · *Confrontation Clause Claim*

■ Simmons next contends that even if the declarant's statement falls within the hearsay exception, the statement is still barred by the Confrontation Clauses of the Sixth Amendment to the United States Constitution and Article I, Section 13 of the Indiana Constitution because the declarant, Rashida, could have been subjected to cross-examination, and that unavailability of the declarant is a constitutional requirement for the admission of hearsay.[1] He contends that in almost all of our previous holdings regarding the excited utterance exception to the hearsay rule, the declarant was a murder victim and thus unavailable to testify. *See Taylor v. State*, 697 N.E.2d 51 (Ind.1998); *Montgomery v. State*, 694 N.E.2d 1137 (Ind. 1998); *Yamobi*, 672 N.E.2d at 1345. In this case, however, the declarant was alive and in the jurisdiction at the time of the trial.

■ Simmons, however, did not object on Confrontation Clause grounds during the trial; he objected only that Rashida's statement occurred after a "calming down" period that followed the shooting. A defendant may not raise one ground for objection at trial and argue a different ground on appeal. *Willsey v. State*, 698 N.E.2d 784, 793 (Ind.1998) (citing *Marshall v. State*, 621 N.E.2d· 308, 316 (Ind.1993)). Moreover, the crux of Rashida's

---

1. Simmons cites *Price v. State*, 591 N.E.2d 1027 (Ind.1992) which applied both the federal and state Confrontation Clauses, but explained the rule only by reference to federal cases. *Price* described *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980) and *Idaho v. Wright*, 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990) as requiring either the unavailability of the declarant or a determination that the utility of confrontation is remote in order for hearsay to be admitted consistent with the Confrontation Clause. *See Price*, 591 N.E.2d at 1030. However, in *White v. Illinois*, 502 U.S. 346, 112 S.Ct. 736, 116 L.Ed.2d 848 (1992), the Supreme Court expressly allowed excited utterances without a

showing of unavailability, and made clear that the unavailability requirement discussed in *Roberts* applied only to statements admitted under the exception to the hearsay rule for statements in a prior proceeding. *Id.* at 355–56, 112 S.Ct. 736. The formulation in *Price*·is perhaps the functional equivalent of a requirement of either (1) unavailability and the indicia of reliability formulated in *Roberts*, or (2) simply extreme reliability as found in *White*, but it does not explicitly deal with *White's* clarification of· *Roberts* and *Wright*. Although *Price* referred to the Indiana Constitution, it cited no Indiana constitutional precedent and developed no independent analysis apart from federal precedent.

statement—that Simmons shot Brown—was uncontested. Two other witnesses saw Simmons shoot Brown. Simmons also made clear, both at trial and in his appellate brief, that the issue in this case was intent, not mistaken identity, and that the shooting was in self-defense. The hearsay statements concerned only the identity of the perpetrator of the crime, not his motive, so cross-examination would accomplish nothing. Accordingly, the Confrontation Clause claim is neither preserved nor prejudicial.

### Conclusion

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN and SELBY, JJ., concur.