## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 27 2017, 9:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer H. Culotta
Clark County Public Defender Board
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kevin McLeod,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

February 27, 2017

Court of Appeals Case No.
10A04-1603-CR-557

Appeal from the Clark Circuit Court

The Honorable Vicki L. Carmichael, Judge

Trial Court Cause No.
10C04-1510-F2-26

**Najam, Judge.**

# Statement of the Case

Kevin McLeod appeals his convictions for possession of methamphetamine, as a Level 3 felony; two counts of possession of a narcotic drug, one as a Level 4 felony and one as a Level 5 felony; possession of a schedule IV controlled substance, as a Level 6 felony; resisting law enforcement, as a Class A misdemeanor; and his adjudication as a habitual offender following a jury trial. McLeod presents four issues for our review, which we consolidate and restate as the following two issues:

> 1. Whether the trial court abused its discretion when it admitted into evidence certain text messages recovered from his cell phone.
>
> 2. Whether the prosecutor committed misconduct in her closing argument.

We affirm.

# Facts and Procedural History

On October 21, 2015, Clarksville police officers arrested McLeod on an outstanding warrant. McLeod resisted the officers as they attempted to perform a pat-down search of his person. After officers placed McLeod in handcuffs, they performed a pat-down search and recovered a cell phone and $560 in cash. Officers then transported McLeod to the Clark County Jail. At the jail, McLeod again resisted officers when they attempted to search him. Officers ultimately placed McLeod in handcuffs. During a search of McLeod's person, officers found, "in his pants[,]" a sunglasses case containing methamphetamine,

heroin, hydrocodone, and Xanax. Tr. at 100. Officers later obtained a search warrant to access McLeod's cell phone data, which resulted in the recovery of numerous text messages related to drug-dealing.

[4]     In an amended information filed on December 2, 2015, the State charged McLeod with dealing in methamphetamine, as a Level 2 felony; two counts of dealing in a narcotic drug, one as a Level 2 felony and one as a Level 3 felony; dealing in a schedule IV controlled substance, as a Level 5 felony; unlawful possession or use of a legend drug, as a Level 6 felony; three counts of resisting law enforcement, as Class A misdemeanors;[1] possession of marijuana, as a Class B misdemeanor; and being a habitual offender. McLeod requested a speedy trial.

[5]     On December 28, the State filed a supplemental response to discovery disclosing text messages police had recovered from the cell phone they had taken from McLeod's person upon his arrest. On December 31, McLeod filed a motion in limine seeking to exclude from evidence 1) any evidence regarding other crimes, wrongs, or acts by McLeod, and 2) the text messages. McLeod alleged in relevant part that the text messages should be excluded from evidence because the State had missed the discovery deadline in providing them to McLeod. The trial court granted the motion in limine with regard to evidence of other crimes, but denied the motion in limine with regard to the text

---

[1] In his brief on appeal, McLeod refers to two counts of resisting law enforcement, but the charging information and abstract of judgment show that the State asserted three such counts.

messages. And the trial court denied McLeod's motion to continue the trial to give him more time to review the text messages.

[6] Trial began on January 4, 2016, and a jury found McLeod guilty of lesser-included offenses as follows: possession of methamphetamine, as a Level 3 felony; two counts of possession of a narcotic drug, one as a Level 4 felony and one as a Level 5 felony; and possession of a schedule IV controlled substance, as a Level 6 felony. The jury also found McLeod guilty of one count of resisting law enforcement, as a Class A misdemeanor, but acquitted him of the other two counts of resisting law enforcement. McLeod then admitted to being a habitual offender. The trial court entered judgment of conviction accordingly and sentenced McLeod to an aggregate sentence of fifteen years, with three years suspended to probation. This appeal ensued.

## Discussion and Decision

### Issue One: Admission of Evidence

[7] McLeod first contends that the trial court abused its discretion when it admitted into evidence text messages recovered from his cell phone. McLeod maintains that the trial court should have excluded that evidence from trial because 1) the State disclosed the text messages after the discovery deadline had passed and only a few business days prior to trial; 2) the admission of the text messages violated Evidence Rule 404(b); and 3) the State did not properly authenticate the text messages. We address each contention in turn.

## Standard of Review

[8] Generally, a trial court's ruling on the admission of evidence is accorded "a great deal of deference" on appeal. *Hall v. State*, 36 N.E.3d 459, 466 (Ind. 2015) (quoting *Tynes v. State*, 650 N.E.2d 685, 687 (Ind. 1995)).

> "Because the trial court is best able to weigh the evidence and assess witness credibility, we review its rulings on admissibility for abuse of discretion' and only reverse 'if a ruling is clearly against the logic and effect of the facts and circumstances and the error affects a party's substantial rights."

*Id.* (quoting *Carpenter v. State*, 18 N.E.3d 998, 1001 (Ind. 2014)).

## Discovery Deadline

[9] McLeod asserts that, because the State provided him with copies of the text messages recovered from his cell phone after the discovery deadline and only a few business days prior to trial, the trial court should have excluded them from evidence at trial. In particular, McLeod maintains that the late discovery response "violates [his] right to due process as guaranteed by the Fourteenth Amendment to the Constitution of the United States." Appellant's Br. at 10. And McLeod contends that the trial court should have, at least, granted his motion to continue the trial to give him more time to review the text messages.

[10] Trial courts have broad latitude with respect to discovery matters, and their rulings receive great deference on appeal. *Cain v. State*, 955 N.E.2d 714, 718 (Ind. 2011). The primary factors that a trial court should consider when addressing a discovery violation are "whether the breach was intentional or in

bad faith and whether substantial prejudice has resulted." *Id.* (quoting *Wiseheart v. State*, 491 N.E.2d 985, 988 (Ind. 1986)). We will affirm a trial court's rulings absent clear error and resulting prejudice. *Id.*

[11] First, McLeod has not shown that the State's late disclosure was intentional or in bad faith. And second, McLeod does not explain how he was prejudiced by the late disclosure of the text messages. He does not state how, for example, his defense would have been different now that he has had time to review the text messages in detail. Nor does he state how much additional time would have been necessary and why. Because McLeod has not demonstrated either that the State's late disclosure was intentional or in bad faith or that McLeod suffered substantial prejudice as a result of the late disclosure of the text messages, we hold that the trial court did not abuse its discretion when it admitted the text messages into evidence.

### *Evidence Rule 404(b)*

[12] McLeod next contends that the trial court's admission into evidence of certain text messages violated Indiana Evidence Rule 404(b) and the trial court's order in limine regarding other crimes, wrongs, or acts. McLeod limits his challenge on appeal to State's Exhibits thirteen through nineteen, which he describes as "thirteen sets of text messages sent to and from the cell phone between

September 29, 2015[,] and October 18, 2015[.]"  Appellant's Br. at 12.[2]

McLeod maintains that, because those text messages were remote in time from

his October 21, 2015, arrest, their admission into evidence was an abuse of

discretion because they "are not intrinsic to the charged crimes" and are not

"'very near in time and place' to the crimes."  Appellant's Br. at 12 (quoting

*Bennett v. State*, 5 N.E.3d 498, 510 (Ind. Ct. App. 2014)).

[13]   We need not decide whether the admission of the text messages violated Trial

Rule 404(b) and/or the motion in limine because any error was harmless.  As

our supreme court has held,

> not every trial error requires reversal.  Errors in the admission or
> exclusion of evidence are to be disregarded as harmless error
> unless they affect the substantial rights of the party.  *Fleener v. State*,
> 656 N.E.2d 1140, 1141 (Ind. 1995); Ind. Trial Rule 61.  To
> determine whether an error in the introduction of evidence
> affected the appellant's substantial rights, this Court must assess
> the probable impact of that evidence upon the jury.

The evidence that McLeod possessed methamphetamine, heroin, hydrocodone,

and Xanax was overwhelming, as police officers found those drugs in a

sunglasses case in McLeod's pants when they searched his person at the jail.  In

light of the substantial independent evidence of McLeod's guilt, we conclude

that any error in the admission of the challenged exhibits was harmless.  *See*

*Buchanan v. State*, 767 N.E.2d 967, 969-70 (Ind. 2002) (admission of sketches

---

[2]  The trial court was unable to provide this court with copies of those text messages because a former bailiff
with the trial court inadvertently discarded several trial exhibits.

and photographs of nude young girls was harmless error given the amount of other evidence supporting the conviction for child molestation).

*Authentication*

McLeod contends that the State did not properly authenticate the text messages pursuant to Evidence Rule 901(a). However, while McLeod is correct that "the text messages required a separate authentication from the properly admitted cellular telephone[,]" *Hape v. State*, 903 N.E.2d 977, 990 (Ind. Ct. App. 2009), *trans. denied*, given the substantial evidence of McLeod's guilt, any error was harmless. *See id.* at 991.

## Issue Two:  Prosecutorial Misconduct

Finally, McLeod contends that the prosecutor committed misconduct during her closing argument. However, McLeod did not preserve this issue for our review. To preserve a claim of prosecutorial misconduct, a defendant must object and request an admonishment. *Delarosa v. State*, 938 N.E.2d 690, 696 Ind. 2010). If the defendant is not satisfied with the admonishment, the defendant must move for a new trial. *Id.* Failure to comply waives the prosecutorial misconduct claim. *Id.* Where a claim of prosecutorial misconduct has not been properly preserved, the defendant must establish not only the grounds for the misconduct but also the additional grounds for fundamental error. *Cooper v. State*, 854 N.E.2d 831, 835 (Ind. 2006). Fundamental error is an extremely narrow exception that allows a defendant to avoid waiver of an issue. *Id.*

[16] Here, after he objected to the allegedly improper comments by the prosecutor, McLeod did not request an admonishment. The trial court, *sua sponte*, instructed the jury to "disregard" the comment. Tr. Vol. II at 313. If McLeod were dissatisfied with that admonishment, he should have moved for a mistrial, which he did not do. *See Phillips v. State*, 22 N.E.3d 749, 758 (Ind. Ct. App. 2014) (stating that, if an admonishment is insufficient to cure the error, then the defendant must request a mistrial), *trans. denied*. And McLeod does not allege fundamental error on appeal. McLeod has waived this issue for our review. *Cooper*, 854 N.E.2d at 835.

[17] Affirmed.

Bailey, J., and May, J., concur.