

**FILED**

Jan 16 2020, 6:07 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joel M. Schumm
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Colin Caesar,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

January 16, 2020

Court of Appeals Case No.
19A-CR-1933

Appeal from the Marion Superior
Court

The Honorable Clayton A.
Graham, Judge

Trial Court Cause No.
49G07-1905-CM-19900

**Najam, Judge.**

## Statement of the Case

[1] Colin Caesar appeals his conviction for theft, as a Class A misdemeanor, following a bench trial. Caesar raises one issue for our review, namely, whether

the trial court abused its discretion when it admitted as evidence an officer's testimony about the content of security footage.

[2] We affirm.

## Facts and Procedural History

[3] On May 18, 2019, Taylor Golden was working as a cashier at a CVS store in Indianapolis. At some point that morning, Caesar walked into the store, "went right past the front of" Golden, and went to the refrigerators, where Golden "saw him grab two Red Bulls[.]" Tr. Vol. II at 9. Caesar walked up a different aisle of the store and started "looking to see if anybody was watching him." *Id*. at 10. Caesar then filled a bright blue bag with items from the store and walked toward the doors without stopping at a cash register to pay. When Caesar got to the doors, Golden asked him to stop and return the items, but Caesar told Golden that he "don't gotta give [her] back s**t." *Id*. at 10. Caesar then "took off," and Golden called the police. *Id*. at 12.

[4] Sergeant Tamar Harper with the Indianapolis Metropolitan Police Department received a dispatch report that a black male who was wearing a black shirt and sunglasses on his head and who was carrying a "bright blue Happy Birthday bag" had just stolen items from a CVS. *Id*. at 23. Sergeant Harper and another officer responded to the call and located Caesar, who had a bright blue bag and who "match[ed] the description" of the suspect, in a parking lot across the street from the CVS. *Id*. At that point, the other officer detained Caesar, and Sergeant Harper went to CVS to speak with Golden. Because Sergeant Harper

had already seen Caesar in the parking lot with the bright blue bag, she reviewed the security footage from CVS "to see if it was the same person." *Id.* at 24. On the video, Sergeant Harper was able to see a "black male wearing sunglasses that had on a black shirt with some white . . . symbols on there walking out with the bag." *Id.*

[5] At that point, Sergeant Harper took Golden to Caesar's location in order to conduct a show-up identification, and Golden "positively" identified Caesar. *Id.* at 25. Because Caesar had been "not even three feet" away from Golden in the CVS, Golden was "certain" that Caesar was the same man who had stolen the items. *Id.* at 14. Sergeant Harper then seized the blue bag that Caesar had in his possession, and she found that it was "full of merchandise" that "had 'CVS' on them." *Id.* at 25, 26.

[6] The State charged Caesar with one count of theft, as a Class A misdemeanor.[1] The trial court held a bench trial on July 22. During the trial, the State presented as evidence the testimony of Golden and Sergeant Harper. During Sergeant Harper's testimony, the State asked her to describe what she had seen on the CVS security footage. At that point, Caesar objected on the ground that the testimony "violates the best evidence rule[.]" *Id.* at 24. When Caesar attempted to explain his objection further, the trial court twice interjected and overruled his objection. Sergeant Harper then testified that, when she reviewed

---

[1] The State also charged Caesar with one count of battery, as a Class B misdemeanor, but the State ultimately withdrew that charge.

the security footage, she saw a man who "matched the description" of "the male that was being . . . detained at the time" leave the store "past all points of payment and that he had a bag." *Id*. at 25. At the conclusion of the bench trial, the court found Caesar guilty of theft, as a Class A misdemeanor, and sentenced him to one year suspended to nonreporting probation. This appeal ensued.

## Discussion and Decision

[7] Caesar contends that the trial court abused its discretion when it admitted certain evidence. As our Supreme Court has stated:

> Generally, a trial court's ruling on the admission of evidence is accorded "a great deal of deference" on appeal. *Tynes v. State*. 650 N.E.2d 685, 687 (Ind. 1995). "Because the trial court is best able to weigh the evidence and assess witness credibility, we review its rulings on admissibility for abuse of discretion" and only reverse "if a ruling is 'clearly against the logic and effect of the facts and circumstances and the error affects a party's substantial rights.'" *Carpenter v. State*, 18 N.E.3d 998, 1001 (Ind. 2014) (quoting *Clark v. State*, 994 N.E.2d 252, 260 (Ind. 2013)).

*Hall v. State*, 36 N.E.3d 459, 466 (Ind. 2015). Caesar specifically contends that the trial court abused its discretion when it admitted Sergeant Harper's

testimony about the contents of the security footage because that testimony violated the best evidence rule.[2]

[8]     Indiana Evidence Rule 1002, also known as the best evidence rule, provides that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a statute provides otherwise." That rule also applies to video recordings. *See Wise v. State*, 26 N.E.3d 137, 143 (Ind. Ct. App. 2015), *trans. denied*. "Our Supreme Court has explained that the purpose of the best evidence rule 'is to assure that the trier of the facts has submitted to it the evidence upon any issue that will best enable it to arrive at the truth.'" *Morris v. Crain*, 71 N.E.3d 871, 879 (Ind. Ct. App. 2017) (quoting *Crosson v. State*, 376 N.E.2d 1136, 1141 (Ind. 1978)).

[9]     On appeal, Caesar contends that Sergeant Harper's testimony about the content of the security footage violated the best evidence rule because the State did not make any "effort to admit the video or explain its apparent disappearance." Appellant's Br. at 8. Accordingly, Caesar maintains that the trial court "could not weigh the video quality, lighting, and other factors" in order to make its own determination about what the video depicted. *Id*. at 10.

---

[2] The State contends that Caesar is not entitled to relief because "he did not lodge an effective objection to the testimony" since he did not dispute the accuracy of Sergeant Harper's testimony. Appellee's Br. at 9. The State is correct that, to be entitled to reversal for the improper use of secondary evidence, an effective objection must identify an actual dispute over the accuracy of the secondary evidence. *See Jones v. State*, 780 N.E.2d 373, 378 (Ind. 2002). However, here, when Caesar attempted to explain his objection, the trial court twice interjected and overruled the objection without giving Caesar the opportunity to elaborate. Accordingly, we disagree with the State, and we will consider the merits of his argument.

[10] However, we need not decide whether the trial court erred when it allowed Sergeant Harper to testify about what she had viewed on the security footage because any error in the admission of that evidence was harmless. It is well settled "that a claim of error in the admission or exclusion of evidence will not prevail on appeal 'unless a substantial right of the party is affected.'" *Troutner v. State*, 951 N.E.2d 603, 612 (Ind. Ct. App. 2011) (quoting *Pruitt v. State*, 834 N.E.2d 90, 117 (Ind. 2005)), *trans. denied*. That is, even if the trial court errs in admitting or excluding evidence, this Court will not reverse the defendant's conviction if the error is harmless. *See id*. An error in the admission of evidence is harmless where the "probable impact" of the erroneously admitted evidence, "in light of all the evidence in the case, is sufficiently minor so as not to affect the substantial rights" of the defendant. Ind. Appellate Rule 66(A).

[11] Here, Golden testified that Caesar walked into the CVS, "went right past the front of" her to the refrigerators, and took two Red Bulls. Tr. Vol. II at 9. Golden further testified that Caesar filled a bright blue bag with items from the store and walked toward the doors without stopping to pay for the items. Golden also testified that, when she asked Caesar to return the items, he told her that he "don't gotta give [her] back s**t." *Id*. at 10. After Caesar left, Golden called the police and reported that a black male who "was wearing a black shirt, with sunglasses on his head, carrying a bright blue Happy Birthday bag" had stolen items from the store. *Id*. at 23.

[12] Sergeant Harper then testified that she and another officer responded to the dispatch call and located Caesar, who had a bright blue bag and who

"match[ed] the description" of the suspect, in a parking lot across the street from the CVS. *Id.* The officers detained Caesar and discovered that the bag in his possession was full of merchandise that "had 'CVS' on them." *Id.* at 26. Additionally, Sergeant Harper testified that, after she had spoken with Golden, she took Golden to Caesar's location in order to perform a show-up identification, and Golden "positively" identified Caesar as the man who had stolen items from CVS. *Id.* at 25. Indeed, Golden was "certain" that Caesar was the same man because Caesar had been "not even three feet" away from her in the store. *Id.* at 14.

[13] In light of all of the evidence before the court, we can say with confidence that the probable impact of Sergeant Harper's testimony about the content of the security footage was sufficiently minor so as to not affect Caesar's substantial rights. Accordingly, we conclude that any error in the court's admission of that testimony was harmless. We affirm Caesar's conviction for theft, as a Class A misdemeanor.

[14] Affirmed.

Vaidik, J., and Tavitas, J., concur.